**Opinion filed August 31, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00076-CR

_____

## JOSE MANUEL MORA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR36309**

## M E M O R A N D U M   O P I N I O N

Jose Manuel Mora appeals his conviction by a jury of the offense of assault-family violence. The trial court, finding an enhancement paragraph to be true, assessed Mora's punishment at six years in the Texas Department of Criminal Justice, Institutional Division. Mora contends in six points of error that (1) the evidence is legally and factually insufficient to support his conviction, (2) the jury's province was invaded and the trial judge improperly commented during his ruling, (3) the State improperly engaged in bolstering, (4) State's counsel improperly struck at him over the shoulders of his attorney, (5) his due process rights were violated, and (6) the State's closing remarks were improper. We affirm.

Mora contends in Point One that the evidence is legally and factually insufficient to support his conviction. We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that Mora did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review Mora's factual sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

The complaining witness, Maria Christina Lozoya Galindo, or Christina Lozoya for short, testified that, in July 2009, she and Mora were drinking at a bar in Midland when she went outside to her vehicle to get some money. She related that Mora hit her with the back of his hand. She acknowledged that Mora told her that she hit him, but she said she did not remember doing so. She indicated that, after he hit her, she was on the ground with her shoulder hurting. She related that Mora put her in a vehicle but that they drove around for 30 to 40 minutes before going to the hospital emergency room, even though she kept telling him to take her. She said that Mora stayed at the hospital only ten or fifteen minutes, leaving because he did not want her "to call the cops." She indicated that she requested that a hospital staff person call the police for her. She noted that she broke her clavicle or collarbone. When asked who started the fight, she replied, "Well, he just didn't want me to get some more money from the car." She insisted that everything she testified to was the truth.

During cross-examination, Lozoya acknowledged signing an affidavit of non-prosecution in which she stated, "I did not let the officer know the whole truth, we were both under the

---

[1]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[2]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

influence of alcohol and I hit him first. I really need his financial support right now, he is a very hard worker and was paying all of my bills and car payment." She said she did not know why she did not tell the officers at the hospital the whole truth. At one point in cross-examination, Lozoya acknowledged that they were arguing over money, that she hit him, that he "acted or reacted," and that she was so drunk she fell. On redirect examination, she stated that Mora told her to sign the affidavit and that he told her that she hit him. She repeated her assertion that she did not remember hitting him. With respect to the affidavit of non-prosecution, she said she was just writing down what she was told to write down. She said that, when Mora hit her, it busted her lip and caused her to fall down. She insisted that she loved Mora, that they were back together, and that she was not making up things about him. We hold that the evidence is sufficient to support the conviction. Mora refers to various conflicts in Lozoya's testimony, as well as other conflicts in the evidence, but these conflicts were matters for the jury to resolve as the trier of fact. We overrule Point One.

Mora urges in Point Two that the jury's province was invaded and that the trial judge improperly commented during his ruling. During the testimony of the complaining witness, Lozoya, the following occurred:

> [PROSECUTOR]: Now, do you love the Defendant?
>
> ANSWER: Yes.
>
> [PROSECUTOR]: Are you guys actually back together?
>
> ANSWER: Yes.
>
> [PROSECUTOR]: So you're not up here making up things about him are you?
>
> ANSWER: No.
>
> [DEFENSE COUNSEL]: Your Honor, objection. This is bootstrapping and adding to the credibility of the witness. These things have been asked and answered. And trying to elicit from the witness, well, you're telling the truth aren't you, really, really, really, that's far afield of acceptable direct examination.
>
> THE COURT: Response?

3

[PROSECUTOR]: Your Honor, if he's going to make it seem like she's making up stories, then I think it's fair for the jury to know if they're back together or not.

[DEFENSE COUNSEL]: Well, that part is, your honor, but asking her, well, you know, are you telling the truth today and insinuating – you know, bootstrapping the testimony is far beyond that.

THE COURT: Well, I placed her under oath to tell truth [sic] and I am going to assume that she is telling the truth, but I am going to sustain the objection about the question.

Mora is correct in his argument that it was error for the trial court to comment before the jury that he was assuming that the witness was telling the truth. However, there was no objection to the comment. Consequently, nothing is presented for review. TEX. R. APP. P. 33.1(a). We overrule Point Two.

Mora argues in Point Three that the State improperly engaged in bolstering. Traditionally, bolstering objections have addressed attempts to reinforce a witness's testimony by referring to matters that have not been placed before the jury. *Mitchell v. State*, 636 S.W.2d 543, 546 (Tex. App.—San Antonio 1982, no pet.). During closing arguments, the prosecuting attorney argued:

You may think that she lied to the officers to get back at Mr. Mora for not giving her money. Why would she lie to the doctor, lie to the man that is giving her critical treatment? Because it was the truth. Because that's what happened and she needed help. She needed help to stop the abuse from this man.

She needed medical treatment, so she told him, "I was pushed down by my boyfriend." He said he did see a swollen lip. She was injured. She told the truth to him, because that's what happened.

Defense counsel objected that the argument was a comment outside the four parameters of acceptable closing argument and that the State was bolstering its own case by suggesting that its witness was credible. The trial court overruled the objection. The prosecuting attorney continued her argument:

You also heard Dr. Choi testify that his diagnosis was consistent with her explanation of the events that night and consistent with abuse, because that's what happened.

I'm going to talk to you a little bit about what Mr. Frost went over. Again, the officers said they responded within minutes. Was it four hours later? She was

4

still so visibly upset that she was shuddering and crying and her face splotchy and couldn't get the words out. She was still upset by what happened that night.

Two weeks later, again, she gives the same story. It's not a story. It's the truth. It's what happened.

Defense counsel again objected that the argument was outside the four parameters of acceptable closing argument and that the State was vouching for the credibility of its own witness and telling the jury information that was its sole province to determine. Again, the trial court overruled the objection.

In general, there are four permissible areas of closing argument: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). In his closing argument, defense counsel stressed the main theme of the defense, attacking the credibility of the complaining witness. The prosecuting attorney's argument constituted an answer to opposing counsel's argument that the complaining witness was not telling the truth. We also construe it as a reasonable deduction from the evidence. We do not construe it as an attempt by the prosecutor to testify or to refer to facts that were not before the jury.

Mora also refers us to two instances of the State's argument to which he objected on the basis of there being no evidence to support the argument. One of those was when the prosecuting attorney stated that the complaining witness was easily manipulated, and the other was the argument that the complaining witness had said that Mora told her to file the affidavit of non-prosecution. With respect to the argument that Mora told Lozoya to file the affidavit of non-prosecution, we note that Lozoya did testify that Mora had told her to file it. With respect to Mora's complaint about the State's argument that Lozoya was easily manipulated, we hold that that was a reasonable inference from the testimony.

We conclude that the trial court did not err by overruling counsel's objections to the State's arguments. We have examined the numerous authorities cited by Mora and find none to be inconsistent with this opinion. We overrule Point Three.

Mora insists in Point Four that, in argument, the State's attorney struck at him over the shoulders of his attorney. Prosecutors' comments that attack defense counsel are manifestly improper because they serve to inflame the minds of the jury to the accused's prejudice.

5

*Cannady v. State*, 11 S.W.3d 205, 212-13 (Tex. Crim. App. 2000). In argument, the prosecuting attorney raised several questions designed to strike down the defensive theory that the complaining witness was not credible. Then she stated, "I want you to be careful of the smoke and mirrors of the defense case." We construe the argument as being an attack on the defensive theory that the complaining witness was not credible, rather than an attack on defense counsel. It is proper for a prosecutor to attack the defense's argument rather than the defense counsel. *See Magana v. State*, 177 S.W.3d 670, 675 (Tex. App.—Houston [1st Dist.] 2005, no pet.). We, therefore, conclude that the prosecuting attorney was not striking at Mora over the shoulders of his counsel. Consequently, the trial court did not err by overruling Mora's objection to the argument. Mora brings to us numerous cases in support of his contention. We have examined each of those authorities and find that none are in conflict with this opinion. We overrule Point Four.

Mora suggests in Point Five that he was denied due process of law because he was convicted upon lack of evidence. Inasmuch as we have found the evidence sufficient to support his conviction, we overrule Point Five.

Mora contends in Point Six that the trial court erred by overruling his objections to certain arguments of the prosecuting attorney. In one argument, the prosecuting attorney merely contended that there was not a reasonable doubt. The trial court overruled Mora's objection that the State was vouching for its own case, which was outside the acceptable parameters of closing arguments. While counsel for Mora referred to two courts of appeals, including this one, that had so held, he has cited no such case in his brief, and we are not aware of any. Mora refers to two other instances of improper argument, but they are the same ones we have previously addressed in our discussion of Point Three. We overrule Point Six.

The judgment is affirmed.

PER CURIAM

August 31, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.